**Shirley Dionne GARRETT, a/k/a Shirley Garrett, a/k/a Shirley D. Webster; Dewayne M. Garrett, Plaintiffs-Appellants,**

v.

**LOTUS INVESTMENT FUNDS INC., LLC, a limited liability company; Rick Esser; Carlotta Lowe, a/k/a Carlotta Gordon; Brian Huddleston; Brian Gordon; Rick Silver; J. Rapp; J. Goodman; Joan Fisher; June Wiseman; D.B. Barnes; Washington County; Chase H. Woodley, Defendants-Appellees.**

---

No. 17-5105

United States Court of Appeals,
Tenth Circuit.

Filed February 28, 2018

(D.C. No. 4:17-CV-00312-GKF-JFJ)
(N.D. Oklahoma)

Shirley Dionne Garrett, Pro Se

Johnny Paul Akers, Akers & Esser,
Bartlesville, OK, Defendants-Appellees
Lotus Investment Funds Inc., LLC, Rick
Esser, Carlotta Lowe, Brian Gordon

Brian R. Huddleston, Huddleston Law
Offices, Tulsa, OK, for Defendant-Appellee
Brian Huddleston

Jamison Whitson, Collins Zorn & Wag-
ner, Oklahoma City, OK, for Defendants-
Appellees Rick Silver, Washington County

Stefanie Erin Lawson, Office of the At-
torney General for the State of Oklahoma,
Oklahoma City, OK, for Defendants-Appel-
lees J. Rapp, J. Goodman, Joan Fisher,
June Wiseman, D.B. Barnes

Before MORITZ, McKAY, and KELLY,
Circuit Judges.

**ORDER AND JUDGMENT** *

Paul J. Kelly, Jr., Circuit Judge

Shirley Dionne Garrett filed a pro se
complaint in federal district court, alleging
a state-court divorce decree wrongfully
awarded certain marital property to her
nephew's ex-wife and that pursuant to the
divorce decree, real property was sold at a
sheriff's sale without affording her notice
of the sale.[1] The district court dismissed
the suit for lack of subject matter jurisdic-
tion, and Ms. Garrett appeals.[2] We exer-
cise jurisdiction under 28 U.S.C. § 1291
and affirm.

We review the district court's dismissal
for lack of subject matter jurisdiction de
novo. *Lindstrom v. United States*, 510
F.3d 1191, 1193 (10th Cir. 2007). Giving
Ms. Garrett's pro se materials a solicitous
construction, *see Van Deelen v. Johnson*,
497 F.3d 1151, 1153 n.1 (10th Cir. 2007),
her complaint contains no allegations es-
tablishing the parties are diverse for pur-
poses of federal diversity jurisdiction, *see*
28 U.S.C. § 1332(a). Nor are there allega-
tions indicating the suit "aris[es] under the
Constitution, laws, or treaties of the Unit-
ed States." *Id.* § 1331. Although the com-
plaint cites two federal statutes, 18 U.S.C.
§ 241 (criminal conspiracy) and 18 U.S.C.

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
to honor the parties' request for a decision on
the briefs without oral argument. *See* Fed. R.
App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral ar-
gument. This order and judgment is not bind-
ing precedent, except under the doctrines of
law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

1. Dewayne M. Garrett, who apparently is Ms.
Garrett's nephew, is included in the caption,
but he is not a party to this appeal. Mr.
Garrett indicated to this court that he was not
a plaintiff, and although Ms. Garrett listed
him on the complaint and the notice of ap-

peal, he did not sign either filing. *See* 10th
Cir. R. 3.1 ("[A] notice of appeal must be
signed by the appellant's counsel or, if the
appellant is proceeding pro se, by the appel-
lant."). Moreover, Ms. Garrett cannot repre-
sent him as a pro se party. *See Pajarito Pla-
teau Homesteaders, Inc. v. United States*, 346
F.3d 983, 986 (10th Cir. 2003) ("A non-lawyer
may not represent another individual on ap-
peal and cannot file a notice of appeal on
another's behalf.").

2. The district court had earlier dismissed sev-
eral defendants by minute order, but ultimate-
ly the court concluded that lack of subject
matter jurisdiction required dismissal of all
defendants.

§ 1964(a) (racketeering), neither provision establishes a private cause of action.

Ms. Garrett offers several arguments on appeal why the state court wrongly awarded the property to her nephew's ex-wife—fraud, the marriage was void, and her nephew did not own the property. But these arguments do not suggest any basis for federal subject matter jurisdiction.

Accordingly, we affirm the district court's judgment. Ms. Garrett's pending "objection" to defendants J. Rapp, J. Goodman, Joan Fisher, June Wiseman, and Washington County participating in this appeal is denied as moot.